**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD OROH, | No. 08-73315 |
| Petitioner, | Agency No. A095-635-841 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:      LEAVY, IKUTA, and N.R. SMITH, Circuit Judges.

Leonard Oroh, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

In his opening brief, Oroh does not challenge the agency's dispositive finding that his asylum application is time-barred or the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Accordingly, Oroh's asylum and CAT claims fail.

With respect to withholding of removal, Oroh does not argue that he suffered past persecution in Indonesia, but he contends he will be persecuted in the future. Even under the disfavored group analysis, Oroh did not demonstrate the requisite individualized risk. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner failed to show he was individually targeted or likely to be individually targeted where he "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians"); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Further, the record does not compel the conclusion that there is a pattern or practice of persecution against Christians or Manadonese Christians in Indonesia. *See Wakkary*, 558 F.3d at 1060-62. Finally, Oroh does not challenge the BIA's finding that he failed to establish a likelihood of

future persecution based on his length of residence in the United States.  *See*

*Martinez-Serrano*, 94 F.3d at 1259-60.  Accordingly, substantial evidence supports

the agency's denial of withholding of removal.

**PETITION FOR REVIEW DENIED.**